IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DORIS and THERESA DORIS, )
his wife )
      Plaintiffs, )
       )
    v. ) Civil Action No. 05-1631
       )
ALLEGHENY COUNTY AIRPORT )
AUTHORITY and U.S. AIRWAYS, )
INC., et.al., )
      Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                December 8th, 2006

    This is a tort action. Plaintiff, John Doris, alleges that defendants, Allegheny County Airport Authority and U.S. Airways, Inc., were negligent in maintaining a dangerous and defective walkway which caused plaintiff to fall. Plaintiff, Theresa Doris, brings a loss of consortium claim based on her husband's injury. Plaintiffs seek monetary damages. Defendants have filed a motion for summary judgment arguing that they cannot be held liable for an open and obvious condition. Defendants further argue that plaintiff was not exercising ordinary care at the time of the accident and is therefore barred from recovery.

    For the reasons set forth below, the motion will be denied.

I.  BACKGROUND

Unless otherwise specifically indicated, the following material facts are undisputed.

On March 10, 2004, plaintiffs flew on US Airways flight 302 from Tampa, Florida to Pittsburgh, Pennsylvania. Prior to the flight, plaintiffs had requested assistance from US Airways. The airline was to assist them in getting off the plane, transporting them up the jetway and to their next gate. Plaintiff John Doris was 83 years old at the time.

When they exited the airplane, Ms. Doris was provided a wheelchair at the bottom of the jetway and wheeled up into the terminal of the airport. Mr. Doris waited for a wheelchair to be transported up the jetway after his wife was wheeled away. After waiting some time, Mr. Doris retrieved his wife's walker from the jetway and placed both his and his wife's carry-on luggage on top of the walker. Mr. Doris then proceeded to walk up the walkway, pushing the walker with the luggage. After walking approximately twenty to thirty feet, Mr. Doris tripped over an expansion joint on the jetway floor and was injured.

II. STANDARD OF REVIEW

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e. the material facts, however, will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 248-49.

III. DISCUSSION

Defendants have moved for summary judgment on the ground that plaintiffs have not provided any facts that would entitle them to relief. According to defendants, the jetway's expansion joint was an open and obvious condition and plaintiff assumed any risk that was posed by the jetway when he decided to walk on it. Defendants further assert that plaintiff should be barred from

recovering because he was not exercising ordinary care when he fell.

Plaintiffs allege that as business invitees, they were owed the highest duty of care by defendants. Plaintiffs further argue that there are material facts in dispute regarding the condition of the area where Mr. Doris fell. The court finds that there are material facts in dispute which preclude summary judgment.

The Pennsylvania Supreme Court has adopted the Restatement (Second) of Torts with regards to invitees. See Vanic v. Ragni, 435 Pa. 26, 32 (Pa. 1969). A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. Restatement (Second) Torts § 332. The restatement makes clear that one who comes upon land not open to the public, for a purpose connected with business which the possessor conducts upon the land is a business visitor or invitee. There is no dispute that plaintiffs were business invitees at the time of the incident.

The duty of care owed by a possessor of land to an invitee is limited to foreseeable harm. Therefore, the possessor is subject to liability only if he:

> (1) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and

>           (2) should expect that they will not discover or
>           realize the danger, or will fail to protect
>           themselves against it, and
>
>           (3) fails to exercise reasonable care to protect
>           them against the danger.

Restatement(Second)of Torts §343; see also Carrender v. Fitterer, 469 A.2d 120 (1983).

Defendants allege that the jetway expansion joint was an obvious and open condition. Defendants argue that it was reasonable to expect that plaintiff would avoid walking on the expansion joint.

The court finds that there are material facts in dispute regarding whether the expansion joint was an obviously dangerous condition of the jetway. There are further issues of fact in dispute regarding whether defendants were negligent in not providing a warning sign or a handrail in the vicinity of the expansion joint. These are all factual disputes which must be resolved by a jury.

Defendants then argue that they are entitled to summary judgment because plaintiffs' claim regarding a design defect in the jetway requires expert testimony. To date, plaintiffs have not identified any expert witness. According to defendants, the failure to provide an expert precludes a finding of a design defect and bars plaintiffs' claim.

Plaintiffs however, do not rely solely on a design defect claim. Part of plaintiffs' claim is that defendants negligently

failed to warn about the ramp or the expansion joint on the jetway. These claims of negligence do not require expert testimony.

Even if plaintiffs' claims were indeed design defect claims, these claims would not be barred by the absence of an expert witness. In Pennsylvania, a defective condition in a product can be established by the presentation of evidence other than expert testimony. See Barris v. Bob's Drah Chutes & Safety Equipment, 685 F.2d 94 (3d. Cir. 1982). If the defectiveness of a product is within the know-how of an ordinary person, expert testimony is not required. Jones v. Toyota Sales USA, Inc., 94 Fed. Appx. 879 (3d. Cir. 2004). Plaintiffs' claim that the joint expansion jetway was dangerous does not require expert testimony and the absence of an expert does not warrant summary judgment.

Finally, defendants argue that Mr. Doris did not exercise the ordinary care required of a business invitee because he was "not looking where he was walking." Defendants' claim that plaintiff's contributory negligence bars recovery is no longer the law in Pennsylvania.

The Pennsylvania legislature modified the previous rule that negligence by a plaintiff bars recovery in a negligence action. Pennsylvania law now provides that contributory negligence does not bar recovery, unless plaintiffs' negligence was greater than defendants' negligence. Any damages sustained by

plaintiffs are diminished in proportion to the amount of negligence attributed to the plaintiffs. 42 Pa.C.S.A. § 7102(a);[1] see also Gorski v. Smith, 812 A.2d 683 (Pa. Super. 2002).

In the instant case, whether plaintiff exercised the ordinary care expected of a business invitee or whether his negligence superseded that of defendants is an issue for the fact finder.  Accordingly, defendants' motion for summary judgment must be denied.

IV. Conclusion

Defendants' motion for summary judgment is denied. The appropriate order follows.

---

[1]  "The Pennsylvania Commonwealth Court held an act amending § 7102(b) unconstitutional, but the decision does not affect the validity of § 7102(a)." Fulton v. U.S., 2006 WL 2311888, at *5 (3d. Cir. 2006). See DeWeese v. Weaver, 880 A.2d 54 (Pa. Commw. Ct. 2005)(holding 42 Pa.C.S.A. § 7102(b) unconstitutional).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN DORIS and THERESA DORIS, his wife, <br>       Plaintiffs, <br><br> v. <br><br> ALLEGHENY COUNTY AIRPORT AUTHORITY and U.S. AIRWAYS, INC., et. al. <br>       Defendants. | Civil Action No. 05-1631 |

O R D E R

Therefore, this 8th day of December, 2006, IT IS HEREBY ORDERED that DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [document # 21] is DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record